**Kathleen LEE, Respondent,**

v.

**Larry LEONE, Appellant.**

**No. 74154.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 6, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 5, 1999.

Application to Transfer Denied
June 29, 1999.

---

William K. Meehan, St. Louis, for appellant.

Alan N. Zvibleman, St. Louis, for respondent.

Before JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J.

PER CURIAM.

Husband appeals a judgment of dissolution awarding Wife a lump sum cash award as her share of marital property.. We dismiss the appeal as frivolous and assess damages for frivolous appeal pursuant to Rule 84.19.

■ Husband raises three points on appeal. In his first two points, Husband claims the trial court erred in awarding Wife a lump sum cash award instead of apportioning the marital property in kind and in failing to consider the tax consequences to Husband of awarding Wife a lump sum cash award. These points are legally frivolous, because *inter alia*, Husband's attorney[1] stipulated that Wife should receive a lump sum award and Husband offered no evidence of any adverse tax consequences to him resulting from such stipulated arrangement.

Husband's brief does not assert any contention that it is error for the trial court to divide the property in the manner to which his counsel stipulated. It simply ignores the stipulation. Although Wife set forth the transcript passage reflecting the stipulation verbatim in her brief,[2] Husband filed

---

1. Husband was represented by different counsel on appeal.

2. After Wife's attorney suggested a lump sum award, the court stated it assumed Husband could not stipulate to a particular percentage of the total property. Husband's counsel replied: "Correct. In any event, your honor, we will disagree with that and we want to apportion some property. Under the circumstances, I think the lump sum award would be best, so we would stipulate to that." The

**254**

no reply brief. Absent citation of any authority suggesting why it was error for the trial court to divide the property in accordance with Husband's stipulation, nothing is preserved for our review and Husband's first two points are legally frivolous.

 Husband's final point complains of the trial court's refusal to grant a continuance in the middle of the trial due to Husband's alleged inability to attend. Husband did not include a copy of the request for continuance in the legal file. From Wife's supplemental legal file we learn that Husband's last minute request was supported only by a typewritten letter on his employer's stationery. The intended signatory of the letter was marked through in pen and the letter was signed by Husband himself. The trial court noted that Husband's credibility was already suspect in view of his repeated failure to cooperate with discovery, for which Husband had previously been sanctioned. The trial court denied the motion but did offer to recess to permit Husband to come directly to court. After he was contacted by his attorney, Husband declined. Under the circumstances, Husband's claim that the trial court's action was an abuse of discretion is likewise legally frivolous.

■ Wife has filed a motion for sanctions. That motion is sustained. Sanctions are awarded against Husband and in favor of Wife in the amount of $2,500.00. Said amount shall be treated as an additional lump sum award of property, secured in the same manner as the original property award.

Sanctions are also assessed against Mr. William K. Meehan, husband's appellate counsel, in the amount of $2,500.00 payable directly to Wife's counsel, Mr. Alan N. Zvibleman, within ten days of the issuance of this court's mandate. Receipt for this payment shall be obtained and filed by Mr.

Meehan within five days thereafter or additional sanctions will be imposed.

Husband's appeal is dismissed.

---

court then reiterated its understanding of how the lump sum award would be made. Hus-

band's counsel replied: "Correct, your honor."